NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TAMANIKA LA KRIESE WHITE, *Appellant.*

No. 1 CA-CR 12-0570
FILED 08-05-2014

Appeal from the Superior Court in Maricopa County
No. CR2011-007261-004
The Honorable Kristin C. Hoffman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**N O R R I S**, Judge:

**¶1**        Appellant, Tamanika La Kriese White, appeals from her conviction and sentence for attempt to commit sexual assault and sexual assault.  White argues the superior court should not have denied her challenge based on *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), to the State's peremptory strikes of male jurors.  *See J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 129, 114 S. Ct. 1419, 1421, 128 L. Ed. 2d 89 (1994) (*Batson* challenges extended to gender).  We review the denial of a *Batson* challenge for clear error.  *See State v. Medina,* 232 Ariz. 391, 404, ¶ 43, 306 P.3d 48, 61 (2013).  For the following reasons, we disagree with White and affirm the superior court's denial of White's *Batson* challenge.

**¶2**        "A *Batson* challenge involves three steps: (1) The defendant must make a prima facie showing of discrimination, (2) the prosecutor must offer a [gender]-neutral reason for each strike, and (3) the trial court must determine whether the challenger proved purposeful [gender] discrimination."  *Id*. at ¶ 44 (quoting *State v. Hardy,* 230 Ariz. 281, 285, ¶ 12, 283 P.3d 12, 16 (2012)).

**¶3**        Here, the State used all six of its peremptory juror strikes to dismiss male jurors.  Following the State's strikes, White made a timely *Batson* challenge contending the State exercised its strikes in a gender-discriminatory manner.  The superior court implicitly found that White had made a prima facie showing of discrimination by asking the State for gender-neutral reasons for the strikes.  After the State explained the basis for the strikes, the superior court rejected White's *Batson* challenge.  The superior court thus implicitly determined that White had not carried her burden of proving purposeful gender discrimination.

**¶4**        White argues the superior court erroneously found the State offered gender-neutral reasons for its peremptory strikes.  We disagree.  "Unless a discriminatory intent is inherent in the [non-moving party's] explanation, the reason offered will be deemed" nondiscriminatory.  *Felder v. Physiotherapy Assocs.*, 215 Ariz. 154, 168, ¶ 74, 158 P.3d 877, 891 (App.

2007) (alteration in original) (applying rule in context of race-based *Batson* challenge). The reasons given by the State were not inherently discriminatory, or "[i]mplausible or fantastic." *See id.* at ¶ 75 (citation omitted).

**¶5** The State struck Juror 20 because it believed he had acted as though he did not want to be there. At the beginning of the *voir dire* process, Juror 20 initially claimed a work-scheduling hardship; but when the court noted the juror's company paid for juror service, he quickly backed off his hardship claim.

**¶6** The State struck Jurors 4, 38, and 42 because they had served on prior juries in criminal cases that had found the defendant not guilty or guilty of a lesser-included offense. Moreover, the State struck Juror 4 because his family members had been convicted of various crimes.

**¶7** The State struck Juror 25 because he appeared to be attempting to be comical. When asked if he was married, the juror said he did not "have a husband or a wife," and the prosecutor subsequently indicated he could not tell whether the juror was joking or offering some sort of "view of [] society." And, the State struck Juror 26 because he had been charged with possession of marijuana and burglary.

**¶8** Finally, White argues that some of the stricken jurors had similarities with non-stricken jurors. White, however, did not raise this comparison analysis during *voir dire.* Both our supreme court and "the United States Supreme Court ha[ve] warned that 'a retrospective comparison of jurors based on a cold appellate record may be very misleading when alleged similarities were not raised at trial.'" *Medina*, 232 Ariz. at 404, ¶ 48, 306 P.3d at 61 (quoting *Snyder v. Louisiana*, 552 U.S. 472, 483, 128 S. Ct. 1203, 1211, 170 L. Ed. 2d 175 (2008)). Because White did not raise this argument in the superior court, the State did not have an opportunity to offer distinctions between similarly situated jurors. Similarly, the superior court did not have an opportunity to compare the jurors who were stricken with those who remained on the panel. Because neither the State nor the superior court had an opportunity to compare similarly situated jurors, we decline to engage in a comparison analysis not raised during *voir dire. See id.* at 405, ¶ 49, 306 P.3d at 62.

**¶9** For the foregoing reasons, we affirm the superior court's rejection of White's *Batson* challenge.



Ruth A. Willingham · Clerk of the Court
FILED: gsh